ROBERT BURNS, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 64, 2008
Supreme Court of Delaware
Submitted: July 31, 2009
Decided: August 17, 2009
Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS, and RIDGELY, Justices, constituting the Court en Banc.

ORDER
HENRY DuPONT RIDGELY, Justice
This 17th day of August 2009, it appears to the Court that:
(1) Defendant-Appellant Robert Burns appeals his Superior Court conviction of three counts of rape second degree, two counts of unlawful sexual contact second degree and one count of continuous sex abuse of a child. Burns initially raised three arguments on appeal. First, he contended that the trial court abused its discretion when it refused to declare a mistrial following certain inappropriate testimony. Second, he contended that the trial court erred when it refused to conduct an in camera review of the complainants' statements made in therapy regarding the facts underlying the charges. Third, he contended that the trial court erred when it refused to provide the jury, upon defense request, a copy of each complainant's statement to the Child Advocacy Center. In an earlier Opinion, we concluded that the Superior Court did not abuse its discretion either in denying Burns' mistrial motion or in refusing to provide the jury access to the victims' video-taped statements we found, however that the trial court erred in denying Burns' request for an in camera review of the victims' therapist records and remanded.[1] Burns now appeals from the Superior Court's Report of July 6, 2009 addressing, on remand, its in camera review of the alleged victims' therapy records. Burns contends that in determining that those records contained no information that would probably have changed the outcome of the trial, the trial court failed adequately to respond to our order. We find no merit in Burns's argument and affirm.
(2) In early April 2006, Tina and Sara Ames[2] came forward with claims that they had been inappropriately touched by their uncle, Robert Burns. The "touching" occurred between two and four years earlier, a period during which the girls would occasionally spend the night at Burns's house. After the girls revealed this information to their parents, the police were called and each girl had a separate interview with the Child Advocacy Center ("CAC") at the A.I. DuPont Hospital for Children. Prior to the CAC interview, the victims' mother asked them to prepare notes so they would remember everything at the interview. These notes were destroyed by the girls after their CAC interviews.
(3) Burns was arrested on May 22, 2006 and was indicted on five counts of rape in the second degree and one count of continuous sexual abuse of a child against each of the two minor victims. The indictment was subsequently amended at trial, reducing the five counts of rape in the second degree regarding Tina to five counts of unlawful conduct in the second degree.
(4) On December 15, 2006, Burns requested the complainants' therapist records. The State objected and Burns moved pursuant to Superior Court Criminal Rule 17 to compel an in camera review of statements or notes of statements made by the complainants in discussing the facts of the case with their therapist. The court denied Burns's motion to compel.
(5) After a six-day trial, the jury reached a verdict. As to the offenses involving Tina Ames, the jury acquitted Burns of four counts of unlawful sexual contact in the second degree and one count of continuous sexual abuse of a child, but was unable to reach a verdict on the remaining count of unlawful sexual contact. As to the offenses involving Sara Ames, the jury found Burns guilty of three counts of rape in the second degree, two counts of the lesser included offense of unlawful sexual contact in the second degree, and one count of continuous sexual abuse of a child. Following trial, Burns moved for a new trial, which the Superior Court denied.[3] Burns was then sentenced to forty-one years at Level V, suspended after thirty-five years for two years of probation.
(6) Burns appealed his conviction to this Court, contending, inter alia, that the Superior Court erred in denying his request to review the girls' therapist's notes in camera. We affirmed on the other issues raised, but found that the trial court abused its discretion by denying Burns's request. We concluded, pursuant to the United States Supreme Court's decision in Pennsylvania v. Ritchie,[4] that Burns was entitled to a new trial "only if information in the victim's therapy records would have changed the outcome of the trial." Accordingly, we remanded, instructing the "Superior Court [to] conduct an in camera review, and determine whether the information in the victims' therapy records would probably have changed the outcome of Burns's trial."[5] We retained jurisdiction.
(7) On remand, Burns moved for an order allowing his counsel inspect the victims' therapy records, subject to the restrictions of a protective order. Burns argues that the purpose of the motion was to enable his counsel to assist the trial court in discerning what information was needed for impeachment purposes. The trial court denied the motion. Burns then sent the trial court an unsolicited summary of the trial testimony, which was intended to highlight for the trial court the witness testimony Burns felt was important to the court's determination.
(8) In its report following remand, the Superior Court's response included the following:
The Superior Court has conducted a review of the records, during which the Court consulted with the therapist to determine the meaning of certain abbreviations and to discern handwriting that was not clear. The Court also considered each aspect of the defense submission. Based upon the foregoing, the Court finds that there is no information in the victims' therapy records that would probably have changed the outcome of the trial.[6]
(9) Burns contends that the Superior Court's report fails adequately to comply with this Court's order. He argues that the paragraph is conclusory and provides no insight into: (i) what the trial court reviewed; (ii) the factual findings of the trial court; (iii) the legal conclusions of the trial court; (iv) the "therapist's qualifications (to discern whether the privilege even exists); or (v) the reasons the trial court decided that nothing in the therapy records was relevant to any of the areas of impeachment identified in Burns's summary. He asserts that the trial court was required to create a record and make a decision so that this Court can conduct a proper review on appeal.
(10) In our previous Opinion, we ordered the Superior Court to: (1) "conduct an in camera review"; and (2) "determine whether the information in the victims' therapy records would probably have changed the outcome of Burns' trial."[7] We explained that "[i]f the Superior Court so finds, then it shall vacate the convictions and order a new trial. If, however, the Superior Court finds that the information would not have changed the outcome, then the convictions shall stand. In either case, the Superior Court shall report its findings to this Court within sixty days of the date of this Opinion."[8]
(11) The record shows that the Superior Court complied with our instructions upon remand. The trial court specifically stated that it "conducted a review of the records, during which the Court consulted with the therapist to determine the meaning of certain abbreviations and to discern handwriting that was not clear."[9] The Superior Court explained that it "considered each aspect of the defense submission."[10]
(12) We agree with the Superior Court that Burns was not entitled to receive the records in order to assist the trial court in determining whether they contained any factual statements that could be necessary for impeachment. In Ritchie, the United States Supreme Court found that a neutral tribunal was competent to evaluate the records in camera without the need for disclosure to the seeking party. Indeed, that Court expressly rejected the notion that defense counsel is entitled to view the otherwise privileged documents, finding that a defendant's interest "in ensuring a fair trial can be protected fully by requiring that the [privileged documents] be submitted only to the trial court for in camera review. Although this rule denies [a defendant] the benefits of an `advocate's eyes,' we note that the trial court's discretion is not unbounded."[11] In our prior Opinion in this case, we adopted Ritchie as the rule in Delaware and granted the precise relief the United States Supreme Court found to be appropriate.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] See Burns v. State, 968 A.2d 1012, 1014 (Del. 2009).
[2] Pseudonyms have been assigned to the two complainants by the parties.
[3] See State v. Burns, No. 0605017137 (Del. Super. Ct. Sept. 11, 2007).
[4] 480 U.S. 39 (1987).
[5] Burns, 968 A.2d at 1026.
[6] State v. Burns, Del. Super., No. 0605017137 (July 6, 2009) (Report to the Supreme Court) [Hereinafter Superior Court Report on Remand.].
[7] Burns, 968 A.2d at 1026.
[8] Id.
[9] Superior Court Report on Remand at 1-2.
[10] Id. at 2.
[11] Ritchie, 480 U.S. at 60.